UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERYL POMPONIO, | No. 2: 19-cv-01152-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| CHARLES BRENNAN, et al., | |
| Defendants. | |

    Plaintiff initially commenced this action under the Americans with Disabilities Act ("ADA") on June 23, 2019.  *See* Compl., ECF No. 1.  Thereafter, on August 4, 2019, defendants filed an answer to the complaint.  *See* Answer, ECF No. 4.  Throughout this action, plaintiff has failed to meet deadlines and comply with the court's orders, which has at times resulted in needless delay and waste of judicial resources.

    On October 21, 2019, this court stayed the pending action and directed the parties to promptly meet and confer to discuss settlement of this action.  Order, ECF No. 12.  At that time, the court also ordered the parties to participate in the court's Voluntary Dispute Resolution Program ("VDRP") if they were unable to informally reach a settlement within 45 days.  *Id.* at 2.

    On February 26, 2020, the parties had not filed a notice of settlement and as a result, it was unclear whether the parties commenced participation in the court's VDRP.  *See*

1  Minute Order, ECF No. 13.  The court then ordered the parties to file a joint status report
2  detailing settlement negotiations within 14 days of that minute order.  *Id.*

3        On March 19, 2020—outside of the 14-day deadline for filing a joint status report
4  set in the previous minute order—the court ordered each counsel to show cause why they should
5  not be sanctioned $250 or have the case dismissed for failure to prosecute.  Order to Show Cause,
6  ECF No. 14.  Counsel for plaintiff filed a timely response, which detailed the reasons for his
7  failure to meet the previous deadlines in this case.  Response, ECF No. 15.  Additionally,
8  plaintiff's counsel filed a consent to VDRP stipulation.  ECF No. 16.

9        The court notes plaintiff counsel's responses and the stipulation to appear in this
10 court's VDRP.   Upon review of these responses, however, the court finds plaintiff has provided
11 no evidence of substantial settlement efforts.  Indeed, the parties only spent 15 days discussing
12 settlement, even after the court ordered them to spend 45 days doing so.  This court's VDRP does
13 not serve as a substitute for settlement negotiations between parties; instead, parties should only
14 use these resources after they have exhausted their efforts outside the court.  The parties have not
15 done so in this case.  Allowing the parties to appear before this court's VDRP without having
16 done so would needlessly impose on judicial resources and time.

17       Therefore, the court directs the parties to promptly meet and confer to discuss
18 settlement of this action.  As the court has ordered before, plaintiff should initiate settlement
19 discussions by providing a written itemization of damages and meaningful settlement demand
20 that includes an explanation of why the demand is appropriate.  Defendant should respond with
21 an acceptance of the offer or with a meaningful counteroffer, which would include an explanation
22 of why the counteroffer is reasonable.  The parties should continue in this way for 45 days until
23 they reach settlement or have exhausted informal settlement efforts.

24       If the parties have not reached an informal settlement within 45 days of this order,
25 the parties shall file a joint status report.  The joint status report should detail these settlement
26 discussions, why they have not succeeded, and why the parties need to utilize this court's VDRP.
27 Alternatively, if the parties do reach an informal settlement, the parties shall also file a notice of
28 settlement.

1       IT IS SO ORDERED.

2  DATED: May 18, 2020.

                                          _____
                                          CHIEF UNITED STATES DISTRICT JUDGE

3